

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN

JAMAL ALI AKBAR,
    Plaintiff,

-vs-

WARDEN NEDRA CHANDLER,
Individually and in his official capacity.
    Defendant.

**08CV0101**
**JUDGE NORDBERG**
**MAG. JUDGE DENLOW**

### NOTICE AND PROOF OF SERVICE

TO: Warden Nedra Chandler
    Dixon Correctional Center
    2600 N. Brinton Avenue
    Dixon, IL 61021- 9524

FROM: Mr. Jamal Ali Akbar
    11741 S. Racine Ave
    Chicago, IL 60643

JAN - 4 2008

**PLEASE TAKE NOTICE** that on _____/0_____, I shall file with the Clerk of the **United States District Court,** for the Northern District of Illinois a true and correct copy of the attached complaint through the United States Mail. A copy is hereby serve upon you the Defendant named herein at the above address.

Respectfully submitted,

*Jamal A. Akbar*
Jamal A. Akbar, pro-se
11741 S. Racine Ave
Chicago, IL 60643

**RECEIVED**

JAN - 4 2008
Jan 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 31th DAY OF DEC, 2007
NOTARY PUBLIC _____

[OFFICIAL SEAL / MILTON HOLMES / NOTARY PUBLIC - STATE OF ILLINOIS]



**RECEIVED**
JAN - 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMAL ALI AKBAR,
   Plaintiff,

-vs-

WARDEN NEDRA CHANDLER,
Individually and in his official capacity.
   Defendant.

**08CV0101
JUDGE NORDBERG
MAG. JUDGE DENLOW**

## CIVIL COMPLAINT

### JURISDICTION

Now comes JAMAL ALI AKBAR, Plaintiff pro-se and moves this honorable court to afford the Plaintiff's pro-se complaint a liberal reading accepting as true all of the well pleaded allegations contained therein. Haine v. Kerner, 404 U.S. 519 (1972). Plaintiff set forth a claim of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. s 1981 and s 1983.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure (F.R.C.P.), plaintiff request that the defendant named herein produce for inspection in camera all reports, documents or credible evidence to support a compelling interest. Plaintiff set forth a claim under the 14th Amendment of the U.S. Constitution and Article 1 s 2 and 12 of the State of Illinois Constitution.

In Haines, the court added that a pro-se complaint should be held to less "stringent standards" than a formal pleading drafted by lawyers, 404 U.S. at 520.

### COMPLAINT

a) In the month of August of 2007, the plaintiff attempted to visit resident Joseph Hurst, at the Dixon Correctional Center, in Dixon Illinois; the defendant named herein is employed as the warden of this center. Plaintiff was asked to complete a form, which asked had you ever been incarcerated. Plaintiff reply was "yes over 20 years ago and I had visited Mr. Hurst at the Pontiac Correctional Center on more than one occasion". The security personnel then made a call at which time the plaintiff was informed to request permission to visit. A letter requesting permission to visit was forwarded to the defendant. Plaintiff prays this court take note when requested to ask for permission information submitted by the plaintiff had not changed.

b) The defendant two months later forwarded her reply that denies visiting with Mr. Hurst on two (2) malfeasance grounds: (1) <u>been incarcerated and (2) not a family member.</u>
This arbitrary and discriminatory action complained about herein was done under the color of state law. The U.S. Supreme Court has ruled under section 1983 an official is responsible for the natural consequences of their action. Japan once bomb America, but some how both countries have move pass that. Because there are no <u>compelling interest that threatens the security of either country.</u> America deals with Japan every day.

America had her start with ex-convicts from Newberry prison in England. Congress found room for Nelson Mandela to visit America and he had been incarcerated. Just and fair procedures by unbiased, unprejudiced and impartial tribunal is one of America's great Constitutional principles, and there can be no due process or equal protection of the law unless that principle remains inviolate by those charge with such duty. A reasonable mind can conclude that with all of the visiting occurring across America there must be some none family members visiting.

The refusal of visitation of the plaintiff with Mr. Hurst who has an **excellent record** cannot rest on **speculation, conjecture, guess or suspicion.** This abuse of discretion has violated fundamental fairness owed to the plaintiff because the defendant has exceeded her statutory power. Under Illinois Evidence Rule the defendant must offer proof of contravening facts where evidence is chiefly in their possession, or run the risk that the claim of the plaintiff will be resolved against them.

### CONCLUSION

**WHEREFORE,** Plaintiff prays this Honorable Court will enter a order against the defendant to show cause the arbitrary and discriminatory action, enter an order granting the plaintiff **$75,000.00** in punitive damages, enter an order allowing the plaintiff to visit with Mr. Hurst and whatever this court deems fair and just.

Respectfully submitted,

*Jamal A. Akbar*
Jamal Ali Akbar, pro-se
11741 S. Racine Ave
Chicago, IL 60643

/s/ Jamal A Akbar
Ph. (773) 264-6463

Under Penalty of Perjury

-2-



**Illinois
Department of
Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Dixon Correctional Center / 2600 N. Brinton Avenue / Dixon, IL  61021 / Telephone: (815) 288-5561 / TDD: (800) 526-0844

December 10, 2007

Mr. Jamal Akbar
Delores' Place
11741 South Racine Avenue
Chicago, Illinois  60643

          Re:   Joseph Hurst, C15434
                (friend)

Dear Mr. Akbar:

I am in receipt of your letter requesting visiting privileges with Joseph Hurst, C15434, who is at the Dixon Correctional Center. Inasmuch as you have been previously incarcerated, it is generally required that the Warden of the facility approve visiting privileges.

It is the policy of this institution that individuals who have a prior incarceration and are immediate family of an inmate may visit the inmate with special written permission from the Warden. As you are not immediate family, your request for visiting privileges is being denied.

                        Very truly yours,

                        Nedra Chandler, Warden
                        Dixon Correctional Center

NC:ls

cc:   Correspondence File



EXHIBIT (1)