

IN THE UNITED STATES DISTRICT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMAL ALI AKBAR )
    Plaintiff, ) 08CV0101
) Honorable Judge Nordberg
vs. )
) Magistrate Judge Denlow
NEDRA CHANDLER, )
    Defendant.

FILED JUL 17 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## MOTION FOR PRODUCTION OF DOCUMENTS

    NOW COMES the plaintiff, Jamal Ali Akbar, **pro se** requesting leave to file **motion for production of documents** pursuant to Rule 34 of FRCP and supporting precedent.
    Plaintiff lawfully contends there is a **distinct** and **comprehensible** difference between argument and evidence. In **Beech Aircraft v. Rainey, (1988)** the High Court held: Public officials have a duty **(legal obligation)** to record and conduct investigation made pursuant to law. If this specific performance was followed then the following evidence is chiefly in the defendant's possession.

1. Local and State of Illinois Police reports indicating the plaintiff's arrest for violating laws, regulations, while visiting Mr. Hurst.
2. Institutional reports verifying a disturbance from the plaintiff on file from 1990 until 2008, from Pontiac or Dixon.
3. Official memorandum of meeting and/or investigations conducted by the defendant.
4. Names of officials in attendance.

    An inability to provide any reasons suggest the decision is, in fact arbitrary. Mathews v. Eldridge, 424 U.S., at 345-346, 96 S.Ct. at 907. For, as spoken in Dent v. West Virginia in the 1800s, the very touchstone of due process is the protection of the individual from arbitrary and capricious decision-making of government. In Nixon v. U.S., the Court required that the presidential tapes be turned over to the Watergate special prosecutor. Justice Kennedy stated: "evidence for holding the detainees must come forth to support the charges. It is well established in Illinois that a conclusion cannot rest on speculation or conjecture. Equal protection of laws is something more than abstract right, **is a command** which state must respect, benefits of which every person **(plaintiff)** may demand. Hill v. Texas(1942), 316 US 400, 86 L.Ed. 1959, 62 S.Ct. 672. An administrative rule will be set aside if it has been clearly **arbitrary, unreasonable or capricious.** Begg v. Board of Fire and Police Com'm of city Park, 76 Ill Dec. 790-459 N.E. 2d 925. Cert Denied 105 S.Ct. 86, 469 U.S. 818, 83 L.Ed. 2d 33.

When administrative agency exercises its rule-making powers, it is performing quasi-legislative function and therefore has burden to support its conclusion with evidence.

Plaintiff pray for the foregoing reasons this **Honorable Court** will grant his Motion for Production of Documents because the procedures used by the defendant are contrary to longstanding principle of administrative law. And are unreasonable, have violated a fundamental fairness of equal protection and due process lawfully owed to the plaintiff.

Respectfully Submitted,

Jamal Ali Akbar, pro-se