IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL ALI AKBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 C 101 |
| | ) | |
| NEDRA CHANDLER, et al., | ) | Honorable Joan B. Gottschall |
| | ) | Judge Presiding |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO TRANSFER VENUE**

NOW COMES Defendant, NEDRA CHANDLER, by and through its attorney, LISA MADIGAN, Attorney General of Illinois, and pursuant to 28 U.S.C. § 1404(a), moves this Honorable Court to transfer venue to the United States District Court for the Northern District of Illinois, Western Division. In support of this Motion, Defendant states as follows:

**I.    INTRODUCTION**

On January 4, 2008, Plaintiff filed his Complaint ("Complaint") against Defendants for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[1] *See* Plaintiff's Complaint, attached as Exhibit "A." In his Complaint, Plaintiff alleges acts of wrongdoing at the Dixon Correctional Center by Warden Nedra Chandler in her decision not to allow him to visit an inmate who was housed there in August of 2007. Warden Chandler resides in Whiteside County, Illinois, and Dixon Correctional Center. *See* Affidavit of Becky J. Williams, attached as "Exhibit B." Additionally, Plaintiff avers that all of the alleged unlawful practices or decision making occurred at the Dixon Correctional Center in Lee County. *See* Plaintiff's Complaint and Affidavit or Becky J. Williams.

---

[1] Plaintiff does not allege that he was ever employed by the Illinois Department of Corrections, Dixon Correctional Center or that Warden Chandler made any employment decisions with respect to him.

While the parties are not yet at issue, Plaintiff has already served on the Defendants, and unnecessarily filed with the court, requests for production of documents. (See ECF Doc #16). Although Plaintiff resides in Cook County, Illinois, all potential witnesses, discovery, and evidence are located in the Western Division of the Northern District of Illinois, and in the interests of justice and for the convenience of the parties, the case should be transferred to the Western Division, in Rockford, Illinois. Defendants also request that discovery and the requirement of an answer, or other responsive pleading be stayed, pending resolution of this motion.

## II.  LEGAL STANDARD

District courts have broad discretion in granting a motion for transfer of venue under 28 U.S.C. § 1404(a). *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Plaintiff has the burden of establishing proper venue. *Zughni v. Pena*, 851 F. Supp. 300, 302 (N.D. Ill. 1994). As the moving party, the defendant bears the burden of showing that the forum should be transferred. *Coffey*, 796 F.2d at 219-220. The transfer of venue provision established in 28 U.S.C. § 1404(a) is derived from the common law doctrine of *forum non conveniens*. *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Limited Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992). Under the doctrine of *forum non conveniens*, a court may dismiss a case if an alternative forum is available and if dismissal would serve the interest of justice, even if the case is properly before it from the technical standpoint of subject matter and personal jurisdiction. *Kamel v. Hill-Rom Co.,* 108 F.3d 799, 802 (7th Cir.1997).

Although the doctrine of *forum non conveniens* remains available as a ground for dismissal when a foreign court provides a more convenient forum, with respect to cases wholly within the system of U.S. federal courts, the doctrine has been largely replaced by the transfer of venue statute,

28 U.S.C. § 1404(a).  *Hyatt International Corp. v. Coco*, 302 F.3d 707, 717 (7th Cir. 2002). Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer is for the convenience of parties and witnesses and in the interest of justice.  *Coffey*, 796 F.2d at 219 n. 3.  Also, in order to determine if a transfer pursuant to 28 U.S.C. § 1404(a) is proper, the court must weigh the public and private interests of the parties to the litigation.  *Sanders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998); *Divine/Whittman-Hart, Inc. v. King*, 2002 WL 1611585, *6 (N.D. Ill. 2002).

### III.  ARGUMENT

    **A.  *Plaintiff's Complaint Should be Transferred to the United States District Court for the Northern District of Illinois, Western Division, for the Convenience of the Parties and Witnesses, and in the Interest of Justice.***

Plaintiff's Complaint should be transferred from the Northern District of Illinois, Eastern Division to the Northern District of Illinois, Western Division for convenience and witnesses and in the interest of justice because all of the evidence, all of the available witnesses are located in Lee County, Illinois, and the Defendant, Warden Nedra Chandler lives in Whiteside County, Illinois, and Dixon Correctional Center, where she works, is located in Lee County, Illinois, both Counties being part of the Western Division, Northern District of Illinois.  Title VII of the Civil Rights Act of 1964 contains a venue provision for suits brought under its authority, and states in pertinent part:

> ....
>
> (f)(3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may

3

> be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.
>
> ….

42 U.S.C. § 2000e-5.

The federal statute governing transfer of venue states:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.  Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.
>
> ….

28 U.S.C. §1404.

In the Northern District of Illinois, a transfer of venue is appropriate where: (1) venue is proper in the transferor court; (2) venue and jurisdiction would be proper in the transferee court; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interest of justice. *Divine/Whittman-Hart, Inc. v. King*, 2002 WL 1611585, *6 (N.D. Ill. 2002); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999).  The third prong of the test, convenience of the

parties and witnesses and the interest of justice, is determined on a case-by-case basis by looking at two issues: (1) the private interests of the parties; and (2) the public interest of the court. *Anchor Wall Systems, Inc. v. R & Defendant Concrete Products, Inc.*, 55 F. Supp. 2d 871, 873 (N.D. Ill. 1999). The convenience of witnesses is often the deciding factor to be considered. *Divine/Whittman-Hart, Inc.*, 2002 WL at *8; see *Moore v. AT&T Latin America Corp.*, 177 F. Supp. 2d 785, 790 (N.D. Ill. 2001).

To examine the public interest of the court and determine whether a transfer of venue serves the interest of justice, a court should consider the efficient administration of the court system, including the court's familiarity with applicable law and the desirability of resolving controversies in the locale. *Anchor Wall Systems*, 55 F. Supp. 2d at 875. To examine the convenience of the parties and witnesses and determine whether a transfer of venue serves the private interests of the parties, a court should consider four factors: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties-specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *Id.*, at 873. The weight accorded to a plaintiff's choice of forum is lessened if the chosen forum lacks any significant connection to the claim. *Id.*, at 874.

In *Anchor Wall Systems*, a Minnesota corporation sued the defendant, an Iowa corporation whose principal place of business is located in Rock Island, Illinois, on a patent-infringement theory. 55 F. Supp. 2d at 872. The defendant moved for transfer of venue from the Northern District of Illinois to the Central District of Illinois. *Id*. The court opined that "[b]ecause there is little

5

connection between [the Northern District of Illinois] and the litigation, the situs of material events factor favors transfer to the Central District [of Illinois]." *Id.*

In its decision to grant the defendant's motion to transfer venue, the court focused on the convenience of the parties and witnesses and the interest of justice by addressing the public interest of the court and the private interests of the parties. *Anchor Wall Systems*, 55 F. Supp. 2d at 873-75. With respect to the public interest of the court, the court found that although both forums were equally familiar with applicable federal law, plaintiff's action had no significant connection with the Northern District of Illinois. *Anchor Wall Systems*, 55 F. Supp. 2d at 875. The court held that the interest of justice would be better served by transferring the action to the Central District of Illinois. *Id*. With respect to the private interests of the parties, the court applied the four-factor test and granted defendant's motion to transfer venue from the Northern District to the Central District of Illinois because it served the convenience of the parties and witnesses. *Id.*, at 873-75.

### B. Transfer of Venue Would Serve the Public Interest of the Court and the Private Interests of the Parties.

The court's focus in the *Anchor Wall Systems* decision to grant defendant's motion to transfer venue was on the four-factor test to determine the private interests of the parties. The court afforded little weight to the plaintiff's choice of forum because the Northern District of Illinois had weak connections with the operative facts giving rise to the claim. *Anchor Wall Systems*, 55 F. Supp. 2d at 874. Second, as to the situs of material events, the court found that all of the central facts surrounding the dispute related to activities which took place in the Central District, not the Northern District, of Illinois. *Id*. Third, the court afforded little weight to plaintiff's argument that its witnesses would be inconvenienced because Plaintiff's witnesses would be required to travel from

6

Minnesota to Illinois whether the action was transferred to the Central District or retained by the Northern District of Illinois. *Id*. Furthermore, the court noted that defendant's officers and key personnel resided and/or worked in or around Rock Island, Illinois. *Id.*, at 875. The court concluded that a transfer of venue would minimize disruption of defendant's operations and eliminate all of defendant's travel expenses without significantly increasing the burden on plaintiff. *Id*.

The court held that a transfer of venue from the Northern District to the Central District of Illinois served the overall convenience of the parties. *Id.*, at 875. The court opined that because plaintiff had not pointed to any documentary evidence to be gathered in the Northern District, all of defendant's documents related to the case were located in Rock Island, Illinois and plaintiff itself did not reside in the Northern District, the overall convenience of the parties supported a transfer of venue to the Central District of Illinois. *Anchor Wall Systems*, 55 F. Supp. 2d at 875. As a result, and pursuant to 28 U.S.C. § 1404(a), the *Anchor Wall Systems* court granted defendant's motion for transfer from the Northern District to the Central District of Illinois. *Id*.

*Anchor Walls System* involved a question of inter-district venue change. In the present case, it is *intra*-district, as Defendant is requesting a change to the Western Division. The Northern District has no divisional venue requirement, however, the Western Division is the more convenient venue, and a transfer would be in the interests of justice and would promote efficiency in the litigation. *Graham v. United Parcel Service*, 519 F.Supp.2d 801, (2007).

### 1.    A Transfer of Venue Serves the Public Interest of the Court

In the instant case, the most important issue for the Court to consider is the four-factor test to determine the public interests of the parties by examining the convenience of the parties and witnesses. The examination of the public interest to determine whether a transfer of venue serves

the interest of justice is identical to the examination in *Anchor Wall Systems*. Like the two courts in the *Anchor Wall Systems* case, both the Eastern and Western Divisions of the Northern District of Illinois are equally familiar with applicable law. *Id.*, at 875. In both *Anchor Wall Systems* and the instant case, it is desirable to resolve the controversy in the transferee court because there is little connection between the Northern District of Illinois and the litigation[2]. In fact, in this case, Plaintiff's and Defendant's witnesses and all relevant documentation are located in Lee County, Illinois. The Northern District of Illinois, Eastern Division has little, if any, public interest in resolving this controversy and the public interest of the court is better served in the Northern District of Illinois, Western Division, in Rockford. Consequently, the Court should grant Defendants' Motion to Transfer Venue.

### 2. Transfer of Venue Would Serve the Private Interests of the Parties

This Court should also grant Defendants' Motion to Transfer Venue because such a transfer would serve the private interests of the parties.

#### i) Plaintiff's Choice of Forum

This case has weak connections, if any, with the Northern District of Illinois, Eastern Division. The only connection between the Plaintiff's Complaint and this District is that Plaintiff currently resides in Cook County. Aside from filing the instant suit in the Northern District, Eastern Division and the Plaintiff's residence, in Cook County, this action has no connection with the Northern District. Eastern Division.

---

[2] Indeed, it appears that the only connection this case has to the Northern District is the Plaintiff's location in Cook County.

Giving weight to Plaintiff's choice of forum when all of the operative facts giving rise to Plaintiff's claim would lie within the Northern District of Illinois, Western Division would greatly inconvenience Defendant and the Department of Corrections employees at Dixon Correctional Center and dis-serve the private interest of the parties. Maintaining the instant case in the Northern District of Illinois, Eastern Division would unnecessarily burden Defendant by creating delay, expense and disrupting Defendant's operations by requiring past and present Dixon Correctional Center employees to travel from Lee County, in the Western Division, to appear as deposition and trial witnesses in Chicago. Conversely, the burden on all parties would be lessened by transferring the Northern District of Illinois, Western Division because of the location of the situs Dixon Correctional Center, the location of all of the possible witnesses and all relevant documents are in the Northern District of Illinois, Western Division. Consequently, the Court should grant Defendant's Motion to Transfer Venue.

### ii) Situs of Material Events

The Court should further grant Defendant's Motion to Transfer Venue because the situs of material events is located within the Northern District of Illinois, Western Division. All of the central facts surrounding this dispute took place in Lee County, Illinois in the Northern District of Illinois, Western Division. In his Complaint, Plaintiff alleges that Defendant discriminated against him and/or violated his rights under federal statutes all arising from his attempt to visit an inmate incarcerated at the Dixon Correctional Center in Dixon, Illinois. *See generally* Complaint.

Any documentary evidence related to Plaintiff's Complaint would be located in IDOC facilities in Dixon, which is located in Lee County. And, as averred by Plaintiff in his Complaint,

all of the alleged wrongful acts committed by Defendant occurred in the County of Lee, Illinois. Plaintiff has already filed discovery requests in this matter (*See* ECF Doc #16), before the parties are even at issue. This type of impatience is, unfortunately, most likely a preview of things to come and supports Defendant's contention that the case should be transferred to the Western Division. Consequently, the Court should grant Defendant's Motion to Transfer Venue because all of the central facts surrounding this dispute took place primarily in Lee, Illinois in the Northern District of Illinois, Western Division.

### 2. Convenience of the Witnesses and Parties

The Court should grant Defendants' Motion to Transfer Venue because such a transfer would be convenient for most, if not all, of the parties' witnesses in this case. Defendant's, and likely Plaintiff's, witnesses would be inconvenienced if they are required to travel over one hundred miles from the situs of material events in the Northern District of Illinois, Western Division to the Northern District of Illinois, Eastern Division. The majority of witnesses to any alleged unlawful employment practices, to the extent that there are any alleged, and the decision to refuse Plaintiff entry into the Dixon Correctional Center would likely work at the Dixon Correctional Center and live in or around the County of Lee, Illinois.

All of the evidentiary documentation necessary for the parties' and the parties' witnesses for deposition or trial would be located in Dixon in Lee County. Nearly all parties' witnesses would come from in or around the County of Lee, Illinois. Maintaining the instant case in the Northern District of Illinois, Eastern Division then, would impose additional travel expenses and time taken away from an IDOC facility on Defendant, Defendant's witnesses and even Plaintiff's witnesses.

A transfer to the Northern District of Illinois, Western Division would alleviate both Defendant's and Plaintiff's burden of litigating in the Northern District of Illinois, Eastern Division. By continuing to litigate in this forum, Defendant and Plaintiff would incur travel and other expenses, which would not be incurred if the case was litigated in the Northern District of Illinois, Western Division. It is more convenient for Defendant, Defendant's witnesses and, it seems, even Plaintiff's witnesses to litigate in the Northern District of Illinois (Rockford). Consequently, the Court should grant Defendant's Motion to Transfer Venue because such a transfer would be convenient for most, if not all, of the parties' witnesses in this case.

The Court should grant Defendant's Motion to Transfer Venue because such a transfer would be convenient for the parties. Plaintiff has not identified any documentary evidence to be gathered in the Northern District of Illinois, Eastern Division. All of Defendant's documents related to the case are located in Lee County. Maintaining this case in the Northern District of Illinois, Eastern Division would unnecessarily burden Defendant by creating delay, expense and disrupting Defendant's operations by requiring Defendant's witnesses to travel from Lee County to testify at depositions or at trial.

The burden on all parties, however, would be lessened by transferring the case to the Northern District of Illinois, Western Division because although Plaintiff would have to travel, he could complete his discovery all at once or in a series of trips where all of the witnesses and documents are located. Plaintiff's chosen forum in the Northern District of Illinois, Eastern Division lacks any significant connection to the allegations of his Complaint, the parties would be inconvenienced by litigating in the Northern District of Illinois, Eastern Division. Consequently, the Court should grant Defendant's Motion to Transfer Venue for the convenience of the parties.

## IV.  CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant NEDRA CHANDLER, prays that this Honorable Court grant its Motion to Transfer Venue and transfer this action to the US District Court for the Northern District of Illinois, Western Division.  Defendant further prays that this Honorable Court  stay the time within which the Defendant would otherwise be required to file responsive pleadings, and the requirement that Defendant respond to outstanding discovery, pending the outcome of this Motion to Transfer Venue and for such other relief as the Court deems just and proper.

                                        Respectfully Submitted,


LISA MADIGAN
Attorney General of Illinois          By:    s/Andrew W. Lambertson
                                             ANDREW W. LAMBERTSON
                                             Assistant Attorney General
                                             General Law Bureau
                                             100 West Randolph Street, 13th Fl.
                                             Chicago, Illinois 60601
                                             (312) 814-1187