IN THE UNITED STATES DISTRICT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jamal Akbar,
    Plaintiff, )
                    )
    vs.       )    No. 08 C 0001
                    )    8CV 101
Warden Nedra Chandler    Honorable Joan B. Gottschall
Individually and official capacity,    Judge Presiding
Defendant.
_____)

FILED
Aug 4, 2008
AUG 0 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### MOTION TO REPLY TO DEFENDANT'S MOTION TO TRANSFER VENUE

   NOW COMES Plaintiff, JAMAL AKBAR, pro se, pursuant to 28 U.S.C. s 1404 (a). This Honorable Court has **broad discretion** in granting a motion for transfer. Plaintiff prays this Honorable Court would consider the following facts:

1. The burden of travel would rest more greatly upon plaintiff than the defendant and cause additional financial hardship;
2. **Exceptional circumstances** are before this Honorable Court, inthat the plaintiff was allowed to proceed as a poor person;
3. The defendant has created a **legal illusion** suggesting there are numerous reports and/or massive amount of documents and plaintiff contends there are **no documents**;
4. Granting a transfer venue is design to get plaintiff's pending action dismissed, subjecting the plaintiff to greater distant of travel
5. Attorney General Office is a **Multimillion dollar** operation with a budget for day-to-day expenses the plaintiff has none, but his tax dollars at one time were a part to the budget in question;
6. The plaintiff lawfully contends **if the defendant can produce evidence to support a legitimate state interest,** (1) Local and State Police report and institutional report verifying a disturbance from the plaintiff, the plaintiff would dismiss his action himself!

The defendant had a policy, practice, and custom of these unlawful practices not only with the plaintiff, but others without just cause. Local tradition cannot justify failure to comply with constitutional mandate requiring equal protection of the law. **Eubanks v. Louisiana,** 356 U.S. 584, 2 Led. 2nd 991, 78 S.Ct. 970.

   The Constitution asserts equality before the law for all citizens without discrimination based on sex, language, religion, political opinions, or personal and social conditions. Constitution forbids sophisticated as well as simple minded modes of discrimination. **Gomillion v. Lightfoot,** 307 U.S. 268, 275, 59 S.Ct. 872, 876, 83 Led. 1281.

To grant the defendant's motion would be to asked the plaintiff to cross the Dan Ryan Expressway during rush hour blindfolded, straight-jacket and handcuffed.

Plaintiff prays this Honorable Court will his **consider his rational request** spelled out in #6 of this motion in the interest of **justice,** no outstanding discovery etc., just produce 3 documents and grant his motion and such other relief as the Honorable Court deems just and proper.

Respectfully Submitted,

Jamal Ali Akbar/pro-se
11741 South Racine Ave
Chicago, IL 60643
Ph.(773) 600-6827

-2-