IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL ALI AKBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 101 |
| | ) | |
| | ) | Honorable Joan B. Gottschall |
| NEDRA CHANDLER, | ) | Judge Presiding |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE**

NOW COMES the Defendant, NEDRA CHANDLER, by her attorney, LISA MADIGAN, Attorney General of Illinois, and hereby makes this, Defendant's Reply to Plaintiff's Response to Defendant's Motion to Transfer Venue, as follows:

In his Response to Defendant's motion to transfer venue, Plaintiff asserts that this case should not be transferred from the Northern District of Illinois, Eastern Division in Chicago to the Northern District of Illinois, Western Division in Rockford because Plaintiff would be inconvenienced by the "burden of travel" and "financial hardship" caused by the transfer. Plaintiff claims that he cannot afford the expense of traveling from Chicago, Illinois, where he resides, to the Federal Courthouse in Rockford, Illinois for this case, and consequently the transfer of venue would cause him hardship.

Plaintiff's argument does not establish that venue is proper in the Eastern District. In examining the private interests of the parties, the Court should consider: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the court's power to compel the appearance of unwilling witnesses at trial and the

costs of obtaining the attendance of witnesses; and (4) convenience to the parties-specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *Anchor Wall Sys., Inc. v. R & D Concrete Prod., Inc.*, 55 F. Supp. 2d 871, 873. Plaintiff's hardship argument falls under the fourth factor in the private interest analysis, and therefore the question before the Court is whether Plaintiff is able to bear the expense of litigating in the Western District in Rockford, Illinois.

Plaintiff's Complaint alleges that his constitutional rights were violated when he was denied the privilege of visiting an inmate at Dixon Correctional Center in Dixon, Illinois. Plaintiff states that he went to Dixon, which is approximately 106 miles from Chicago, and attempted to visit the inmate. Plaintiff also alleges that he visited the same inmate at Pontiac Correctional Center, which is approximately 100 miles from Chicago, "on more than one occasion." Compl. ¶ (a).

Given these allegations, it is abundantly clear that Plaintiff is more than able to travel to Rockford, Illinois to litigate this case. If Plaintiff was willing and able to travel over 100 miles from Chicago to visit an inmate at Dixon and Pontiac Correctional Centers "on more than one occasion," he can certainly manage to occasionally travel 88 miles to Rockford, Illinois when the Court so requires. As discussed at length in Defendant's motion to transfer venue, the only connection between the Eastern District and this case is Plaintiff's place of residence and the fact that Plaintiff filed suit in the Eastern District. Defendant Chandler resides in Whiteside County, and is employed at Dixon Correctional Center in Lee County. All potential witnesses and evidence are located at Dixon Correctional Center in Lee County. Moreover, Dixon Correctional Center is the situs of the material events alleged in the Complaint. As such, the proper venue for this case is the District Court for the Western Division in Rockford, Illinois, despite Plaintiff's disingenuous arguments to

the contrary.

Additionally, Plaintiff's claim of financial hardship is weakened by the fact that he will inevitably incur expenses to transport his witness(es) from Dixon, Illinois where all potential witnesses are employed, to Chicago, Illinois for this case. Therefore, it may actually be cheaper for Plaintiff to travel to Rockford, Illinois to litigate this case than to pay for his witnesses to travel to Chicago.

The Northern District of Illinois, Western Division, has strong connections with this case. Allowing the case to go forward in the Eastern District would not only inconvenience Warden Chandler and the potential witnesses, it would be contrary to the efficiency achieved by the creation of two divisions within the Northern District. All aspects of this case, other than Plaintiff's place of residence, are connected to the geographic area served by the Western Division. Therefore, in the interests of justice, and for the convenience of the parties and witnesses, Defendant requests that the case be transferred to the Northern District of Illinois, Western Division, in Rockford, Illinois.

**WHEREFORE**, the Defendant requests that her Motion to Transfer Venue be granted, and further requests that this Honorable Court stay the time within which the Defendant would otherwise be required to file responsive pleadings, and the requirement that Defendant respond to Plaintiff's premature discovery requests, pending the outcome of this motion.

.

                                        Respectfully submitted,

LISA MADIGAN　　　　　　　　　　　　s/Lea T. Nacca
Attorney General of Illinois　　　　　　　　LEA T. NACCA
                                        Assistant Attorney General
                                        General Law Bureau
                                        100 W. Randolph St., 13th Fl.
                                        Chicago, Illinois 60601
                                        (312) 814-4491